## HORACE CARPENTER *v.* MICAH FRENCH.

### *Contract.*

A writing respecting the sale of the farm of the plaintiff to the defendant, which con-
tained some agreement respecting the disposition of certain fodder then on the
farm, was left in the possession of the plaintiff, who, not having it with him when
the defendant met him to complete the purchase of the farm in pursuance thereof,
gave to the defendant, before the delivery of the deed, and upon his calling for the
original agreement, another writing agreeing to produce the first one, or take the
defendant's recollection and construction of it. *Held* that this bound the plaintiff
to take the defendant's recollection and construction of the original writing if not
produced, though the plaintiff proved its loss, and swore to its being different in
its provisions from those insisted upon by the defendant.

BOOK ACCOUNT. The plaintiff's account contained but one
charge, which was for taking care of eighteen head of the defend-
ant's cattle for ten and a half weeks in the spring of 1854, which
the auditor allowed at $12.96, subject to the opinion of the court
upon the following facts.

In the fall of 1853, the plaintiff sold to the defendant his farm
in Barre. The bargain in relation to the farm was made, and its
terms, as understood by the parties were reduced to writing, and sign-
ed by the parties. This writing was kept by the plaintiff, with the
understanding that he was to meet the defendant the next day at
the town clerk's office with the writing and execute the deed.

The next day the parties did meet as agreed, and before the deed
of the farm was delivered to the defendant, he called upon the
plaintiff for the writing containing the terms of the bargain. The
plaintiff informed the defendant that he had lost it, and the parties
undertook to make out a substitute, in relation to the fodder, and
the manner in which it was to be fed out, but not agreeing as to its
terms, the plaintiff gave the defendant an obligation in writing, of
which the following is a copy.

" This is to show that whereas Micah French signed a paper, of
which I took the charge, and which I do not now find. I obligate
myself to produce the same, or take his recollection and construc-
tion of it."

Both parties agreed that the original writing contained a stipu-
lation that the plaintiff was to fodder his own stock on the farm till
he left, which was to be in March, 1854, and that what fodder the
plaintiff did not want for his stock, he was to sell to the defendant

at a price to be agreed upon; but they disagreed as to whether the plaintiff, in the bargain, agreed to feed, without compensation, the defendant's stock to be furnished at the barn-yard, out of certain fodder there which the plaintiff had sold to the defendant; the plaintiff swearing that the writing contained no such stipulation, and the defendant swearing that it did. The auditor deeming that, by law, the burden of proof rested upon the defendant to make out the contract as he claimed it, found that he had failed so to do ; and that therefore the plaintiff was entitled to recover. The original writing was not produced before the auditor, and the loss of it was proved by the testimony of the plaintiff.

The county court, June Term, 1855,—POLAND, J., presiding,— rendered judgment on the report for the plaintiff for the amount allowed in his favor by the auditor. Exceptions by the defendant.

*Peck & Colby* for the defendant.

The question, decisive of this case, is as to the effect of the written contract of the plaintiff in which he binds himself to adopt the defendant's statement of the lost writing.

We insist that this agreement is valid, made on good consideration, and should be enforced in this suit by way of *estoppel.* As to consideration, the duty of the plaintiff to produce the lost writing, and the waiver of the defendant's right to it before proceeding to make out deeds, was a good consideration for the plaintiff's promise. As to its validity, it is the common case of an agreement to be bound by the decision of an umpire ; or more properly, it is an admission upon which the defendant was induced to act and did act, like the admission by a party for the purpose of trial, which is conclusive ; 2 Stark Ev. 21.

As to the remedy, it is obvious the agreement must be enforced in court specifically, or all remedy is denied. For if the defendant sues for the breach of the agreement, the plaintiff's testimony will still deprive him of recovery ; and if not, surely this judgment will be a conclusive bar.

*G. W. Stone* and *J. A. Wing* for the plaintiff.

The auditor having found the fact that the plaintiff performed the service, and the value of the same, there seems to be no rea-

son why the plaintiff should not recover the amount allowed by the auditor.

It is claimed by the defendant that, by the second writing, the plaintiff bound himself to either produce the original writing, or be bound by what the defendant should claim it to be, no matter how absurd or ridiculous the claim should appear. This would be strange law; that the plaintiff would be bound to pay, or do whatever the defendant should claim it to be, without proof. This would place the plaintiff wholly in the power of the defendant, and at his mercy.

The auditor does not find that the original contract contained any stipulation that the plaintiff was to fodder the defendant's cattle for nothing, and every circumstance shows that it could not have been so understood by either party.

The plaintiff claims that the original contract was void for want of delivery by the plaintiff. The second writing describes a contract signed by the defendant alone, and not a contract signed by both parties, consequently it purports to be a contract that the plaintiff held against the defendant, and not one of any binding force on the plaintiff. Therefore the second writing, unless aided by parol, shows nothing, and refers to nothing, and proves nothing of itself; and we claim that parol evidence will not aid it.

But if we bring in parol proof, the auditor has found that there was a writing made and signed by both parties, and left with the plaintiff. If so there was no delivery of the agreement that would be binding on the plaintiff.

The opinion of the court was delivered by

BENNETT, J. We think the defendant is entitled to judgment on the report. The question in the case is, whether, by the terms of the written contract in relation to the sale of the farm, the plaintiff was bound to fodder the defendant's cattle, as a part of that contract, and without any new consideration, or compensation; and whether it was to be done without compensation or not, was a point about which the parties were at issue. It was the duty of the plaintiff, as he was the keeper of the contract, to have it at his command. Before the deed was executed and delivered to the defendant, he called upon the plaintiff for the writing which contained

the terms of the bargain, and the plaintiff said he had lost it. The parties could not agree upon the terms of a substitute in relation to the foddering, and, before the deed was delivered, the plaintiff gave the defendant the contract by which he obligated himself to produce the same, or take the defendant's recollection and construction of it. This agreement was made as a part of the transaction before the deed was delivered, and it cannot be regarded as a *nudum pactum*, and the defendant was fully justified in acting upon it. We think, then, the plaintiff must stand to the written contract as recollected and understood by the defendant.

Judgment of the court below reversed, and judgment for the defendant.